Zelph S. **CALDER**, Leo Calder and E. Joseph Winder, Appellants,

v.

**UNITED STATES of America,** Appellee.

No. 6221.

United States Court of Appeals Tenth Circuit.

April 8, 1960.

---

Zelph S. Calder, Vernal, Utah, for appellants.

Llewellyn O. Thomas, Salt Lake City, Utah (A. Pratt Kesler, Salt Lake City, Utah, was with him on brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal by a wheat farmer and his sureties from a judgment on a bond, given to secure payment by the farmer of a penalty for overproduction of wheat in 1956, and which, according to

regulation, was conditioned upon storage of the excess. In August 1957, the farmer removed 539 bushels from this storage, and the penalty on this wheat then became due according to the terms of the bond, " * * * with the exception of the amount of wheat so stored which has been offset by underplanting, underproduction, or other depletion, as provided in said regulations * * *." Appellants principally contend that the withdrawal from storage was within the named exceptions so that no penalty was due.

The applicable regulations direct, in material part, that "The penalty on the amount of excess wheat stored shall be paid by the producers on the farm at the time and to the extent of any depletion in the amount of wheat stored except as provided in paragraphs (h) and (i) of this section and except to the extent of the following: * * * (3) the amount of any wheat destroyed by fire, weather conditions, theft, or any other cause beyond the control of the producer, provided the producer shows beyond a reasonable doubt that the depletion resulted from such cause and not from his negligence nor from any affirmative act done or caused to be done by him." 20 Fed.Reg. 9475 et seq., Title 7, Agriculture § 728.683(g). Paragraph (h) provides that when less acreage is planted than allotted, farmers with a stored excess "shall, upon application made by them to the county committee, be entitled to remove from storage without penalty any wheat so stored by them * * * to the extent of the normal production of the number of acres by which the acreage planted to wheat is less than the farm acreage allotment. * * * A producer shall not be entitled to remove wheat from storage under this paragraph in connection with any farm unless, at the time the determination is made under this paragraph, the wheat is stored and owned by the producer * * *." Paragraph (i) parallels paragraph (h) with respect to crop failures.

It is clear from the record that appellant farmer in 1958 underplanted and underproduced in amounts more than sufficient to offset the amount withdrawn from storage. However, as the trial court held, the plain meaning of the regulation is to offset only such underplanting and underproduction as occurred prior to the withdrawal, and appellant's was clearly subsequent to withdrawal. Appellants also claim that because of spoilage in 1957, the withdrawal was excepted from penalty by clause (3) of paragraph (g), quoted above. However, the plain meaning of this provision is that the spoiled wheat only may be withdrawn without penalty, and the wheat withdrawn by appellant was admittedly good wheat. The provision certainly does not contemplate, as appellants contend, that good wheat may be withdrawn in an amount equal to that which had spoiled, for such a construction would bestow an irrational benefit upon the farmer with spoilage.

Appellants further claim error in the trial court's refusal to reduce the total amount of excess wheat in storage to a figure which appellants deem correct. While the trial court did adjust this figure, it refused to do so with precision because it was not material to the matter in issue. Since the only pertinent figure is the amount of the unauthorized depletion, and that amount is concededly correct, there is no error here.

Appellants claim also that there is no evidence of record that the penalty per bushel withdrawn was $1.07 as found by the trial court. On the contrary, we find in the record appellant farmer's own words that this was the correct penalty rate.

Finally, appellants object to the trial court's refusal to render judgment for them on a counterclaim for spoilage allegedly caused by a wheat inspector's negligence. This counterclaim was stated in a petition directed to the Uintah County Wheat Stabilization Committee, which was appended to a motion to dismiss filed and overruled in the trial court. It is clear from these pleadings and from the record of the pre-trial conference that the matter of negligence of govern-

ment agents was never brought to the trial court's attention, either formally or informally, as a matter for its determination. This being true, appellants' demand after judgment on the merits for summary judgment on this counterclaim is also of no avail. The so-called counterclaim, not having been presented to or decided by the trial court, is not before us now.

The trial court's judgment in all respects is affirmed.